IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-235-BO-1
NO. 5:14-CV-274-BO

| | |
|---|---|
| TRAVIS VICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's *pro se* motion for reconsideration [DE 51] and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 53]. For the reasons stated herein, petitioner's motion for reconsideration is DENIED, and petitioner's § 2255 motion is GRANTED.

## BACKGROUND

On September 29, 2010, pursuant to a written plea agreement, petitioner pled guilty to one count of distribution and possession with the intent to distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846. Petitioner's presentence investigation report ("PSR") calculated an advisory guideline imprisonment range of 120 to 125 months' imprisonment. Were it not for the statutory minimum, petitioner's guideline range would have been 100 to 125 months' imprisonment.

On January 19, 2011, petitioner was sentenced to 120 months' imprisonment. On March 18, 2014, petitioner filed a *pro se* motion to reconsider the Court's March 6, 2014 order denying petitioner's motion to reduce sentence regarding crack cocaine pursuant to 18 U.S.C. §

3582(c)(2). On March 13, 2014, the Court appointed the Federal Public Defender ("FPD") to represent petitioner in order to advance an argument on behalf of defendant regarding the application of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). On May 9, 2014, the FPD filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on behalf of petitioner.

## DISCUSSION

Petitioner's *pro se* motion for reconsideration advances an argument under *Dorsey* and is unrelated in its entirety to petitioner's denied motion under §3582(c)(2). Accordingly, the Court finds no reason to reconsider its order and petitioner's motion is denied.

The government has responded to petitioner's § 2255 petition and has waived all of its procedural defenses, including any defense based on the statute of limitations. Further the government agrees that petitioner is entitled to relief under *Dorsey* and consents to the Court correcting petitioner's sentence. Although the petition is untimely, because the government has waived this procedural bar and has asked to Court to consider petitioner's motion to be timely, the Court reaches the merits of petitioner's § 2255 petition.

The lower mandatory minimum sentences introduced in 21 U.S.C. § 841(b)(1) by the Fair Sentencing Act of 2010 ("FSA") apply to offenders who committed a § 841(a) offense before the effective date of the FSA, August 3, 2010, so long as they were sentenced after the effective date. *See Dorsey; United States v. Edmonds*, 700 F.3d 146 (4th Cir. 2012). Here, petitioner committed a § 841 offense before the effective date of the FSA and was sentenced after its effective date based upon an incorrect mandatory minimum and supervised release term. Therefore, petitioner is clearly entitled to relief. Accordingly petitioner's motion is granted and he must be resentenced in light of his new applicable mandatory minimum guideline range.

2

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is DENIED and petitioner's §2255 petition is GRANTED. Petitioner's sentence is VACATED and this matter will be SET FOR RESENTENCING by separate notice.

SO ORDERED.

This the 19 day of June 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE